IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FPC FINANCIAL, f.s.b., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:10cv115-WHA-SRW |
| | ) (WO) |
| GREGORY T. LAYTON, GREGORY D. | ) |
| LAYTON, JANICE L. LAYTON, and | ) |
| GINGER L. HOWELL f/k/a GINGER LIEN | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion to Dismiss (Doc. #53) filed by Defendants on August 20, 2010.[1]

The Plaintiff, FPC Financial, f.s.b. ("FPC"), filed a Complaint in this court on February 16, 2010, bringing claims for: (1) Suit on Agreement as to Defendant Gregory T. Layton (Count I); (2) Accounting as to all Defendants (Count II); (3) Conversion as to Defendant Gregory T. Layton; (Count III); (4) Unjust Enrichment and Money Had and Received as to Defendant Gregory T. Layton (Count IV); and (5) Appointment of a Receiver as to all Defendants (Count

---

[1] Although Rule 12(b) requires a 12(b) motion to be filed before filing an answer, the grounds for dismissal alleged by Defendants in their Rule 12(b)(6) Motion are not waived simply because they filed an answer. Rather, they can be asserted in either (1) a pleading; (2) a motion for judgment on the pleadings under Rule 12(c); or (3) at trial. (Rule 12(h)). Accordingly, the court will treat Defendants' Rule 12(b)(6) Motion as a Rule 12(c) motion for judgment on the pleadings.

V). On February 22, 2010, this court appointed a receiver. Defendants filed an Answer to the Complaint on March 11, 2010. On August 20, 2010, Defendants filed a Motion to Dismiss.

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

## II.  LEGAL STANDARD

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* _ U.S. _, 129 S. Ct. 1937, 1949-50 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  FACTS

FPC owns and operates Farm Plan, a revolving line of credit program. Customers can use Farm Plan to purchase certain goods and services from merchants authorized by FPC and

2

charge those goods and services to a Farm Plan account. Customers then repay the amounts charged through periodic payments.

Gregory T. Layton, Gregory D. Layton, Janice L. Layton, and Ginger Lien (collectively, "Defendants") raise peanuts and cotton in Houston County, Alabama, and Jackson County, Florida. Defendant Gregory T. Layton applied for a Farm Plan account and was approved by FPC. On March 23, 2009, as part of the Farm Plan agreement, Gregory T. Layton, along with the other Defendants, executed a Security Agreement, where they granted to FPC a security interest in "all present and future rights, title and interest, whether then existing or thereafter arising, of each Grantor, in and to all farm product as defined in the Uniform Commercial Code (except livestock) and all proceeds." (Compl. ¶ 11.) To perfect FPC's security interest, FPC filed financing statements in Alabama and Florida.

From April 9, 2009 through August 20, 2009, Gregory T. Layton received 14 checks totaling $950,000 from Barber Fertilizer Company ("Barber"), a Georgia corporation and an approved Farm Plan merchant. Gregory T. Layton and Barber agreed that these checks would be charged to Gregory T. Layton's Farm Plan account. Also, Barber charged additional fees to Gregory T. Layton's Farm Plan account. The agreement between Gregory T. Layton and Barber contravened the terms of the Farm Plan, as the Farm Plan only allowed customers and merchants to charge goods and services, not cash advances to Farm Plan accounts.

FPC sent Gregory T. Layton monthly statements indicating these charges. Gregory T. Layton never protested these statements, despite the fact that pursuant to the Farm Plan's terms, Layton had 60 days to dispute any transactions appearing on a monthly statement.

Subsequently, Gregory T. Layton defaulted under the terms of the Farm Plan agreement. As a result, FPC sent letters to Defendants, "demanding, among other things, payment of all obligations, turn over [sic] all proceeds and an accounting for all Collateral and proceeds." (Compl. ¶ 34.)  After Defendants failed to satisfy FPC's demands, FPC brought the instant action against Defendants.

On February 12, 2010, four days before filing the Complaint in this case, FPC sued Barber in the Middle District of Georgia.  *FPC Fin., f.s.b. v. Barber Fertilizer Co.*, No. 1:10cv28 (M.D. Ga.).  In that case, FPC alleged that Barber breached its Farm Plan agreement with FPC by, among other acts, making cash advances to Gregory T. Layton, and as a result, Barber is liable to FPC for the full amount of the charges it made to Gregory T. Layton's Farm Plan Account, plus interest and finance charges.  FPC also seeks to recover these charges against Gregory T. Layton in the instant case.

## IV.  DISCUSSION

Defendants contend that this case should be dismissed or, in the alternative, stayed, because FPC is currently pursuing a separate action against Barber in the Middle District of Georgia for the same debt that FPC seeks to recover in this case, which would constitute an impermissible "double recover [sic]."  (Mot. to Dismiss at 1.)  In response, FPC concedes that it "cannot *recover* the full amount of the judgment more than once."  (Resp. to Defs.' Mot. to Dismiss at 16) (emphasis original).  However, FPC argues that it may *obtain a judgment* against both Barber and the Defendants for the full amount of the judgment, and then elect to enforce the

judgment against either or both Barber and the Defendants, so long as FPC does not recover more than the full amount of the judgment.  The court agrees with FPC.

Courts bar double recoveries for a single injury.  *E.g. MCA Television Ltd. v. Pub. Interest Corp.*, 171 F.3d 1265, 1274-75 (11th Cir. 1999) (citing Corbin on Contracts § 1223, at 483 (("[I]t is accepted social policy that an injured party should not be given [two] remedies for a single injury.")).  In contrast, a plaintiff may sue multiple defendants who cause a single injury, but may recover no more than the total amount of the injury.  *E.g. Shepherd v. Mar. Overseas Corp.*, 614 So. 2d 1048, 1050-52 (Ala. 1993) ("Where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts united in causing a single injury, all of the wrongdoers are liable for damages occasioned by the injury.") (internal punctuation omitted) (quoting *Jones v. Russell*, 89 So. 660, 662-63 (1921)); *Shirley v. Lin*, 548 So. 2d 1329, 1335 (Ala. 1989) (holding that it was permissible for a plaintiff to sue multiple defendants for the same injury in a breach of contract action).

Defendants point to no authority suggesting that this rule does not apply in the instant case.[2]  In fact, they ignore that such a rule exists at all.  FPC correctly notes that one argument Defendants could have made is distinguishable.  That is, an Alabama statute prohibits a plaintiff from prosecuting multiple actions (1) in state or federal courts in Alabama (2) "at the same time;" (3) "for the same cause;" and (4) "against the same party."  Ala. Code § 6-5-440; *Ex parte Myer*, 595 So.2d 890, 892 (Ala. 1992).  However, this case is distinguishable from that statute, most clearly because FPC's lawsuits against Defendants and Barber were brought in two

---

[2]Defendants cite to *no authority at all* in their Motion to Dismiss or their Brief in Support of the Motion to Dismiss.

different states, and involve different parties. Accordingly, Defendants's request to dismiss or stay these proceedings is due to be DENIED.

In the alternative, Defendants request that this court dismiss all Defendants except for Gregory T. Layton and release their portion of the funds held by the receiver in this case. Because Defendants provide no support for this request, it is due to be DENIED.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants's Motion to Dismiss is DENIED.

Done this 20th day of October, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE